## AUGUSTA BRINKMAN, Respondent, v. F. W. GOTTENSTROETER, Appellant.

### Springfield Court of Appeals, February 6, 1911.

1. **DEATH BY WRONGFUL ACT: Self-Defense: Question for Jury.** Where defendant is sued for damages for killing plaintiff's husband who admits the killing and justifies on the ground of self-defense; whether his evidence is sufficient to sustain his plea of justification is a question for the jury.

2. **———: Damages: Surviving Children.** In a suit for damages for killing plaintiff's husband the jury, in determining the amount of damages, had the right to take into consideration the evidence that deceased had left minor children for the plaintiff to support.

3. **PRACTICE: Remarks of Court: Ruling on Evidence.** The trial court ruled as incompetent the testimony of a witness, but later in the trial changed its ruling and permitted the witness to testify. The remarks of the trial court in the presence of the jury in regard to changing its ruling are examined and held not improper.

4. **———: Remarks of Counsel: Objections.** If the argument of counsel is proper as to a particular issue in a case and improper as to others, then the opposing parties should ask the court to limit the effect of the argument to the proper issue and a general objection will not do.

5. **INSTRUCTIONS: Must be Based on Evidence.** In a suit for damages for killing plaintiff's husband, it appeared that defendant was an officer, but there was no evidence that at the time of the killing he was acting or pretending to act in his official capacity. *Held*, that it was not error for the court to ignore in its instructions the fact that defendant was an officer, and his rights in the premises as such.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors*, Judge.

Brinkman v. Gottenstroeter.

AFFIRMED.

*Jesse H. Schaper* and *John W. Booth* for appellant.

(1)   There was no substantial evidence in the case sufficient to authorize the jury to find a verdict for the plaintiff; therefore the court erred in giving to the jury each of the instructions given at the instance of the plaintiff.   Holden v. Railroad, 177 Mo. 469; R. S. 1899, sec. 6013.; State v. Coleman, 185 Mo. 151; State v. McNally, 87 Mo. 644.   (2) The rule is firmly established in Missouri that instructions purporting to cover the whole case, must be "so framed as to meet the points raised by the evidence and pleadings on both sides." That is to say, must meet all the issues made in the pleadings and supported by substantial evidence.   Clark v. Hammerle, 27 Mo. 70; Fitzgerald v. Hayward et al., 50 Mo. 523; Goetz v. Railroad, 50 Mo. 474; Land & Lumber Co. v. Tie Co., 87 Mo. App. 176; Boden v. Falk Co., 97 Mo. App. 566; Austin v. Transit Co., 115 Mo. App. 152; Phelan v. Paving Co., 115 Mo. App. 436; Toncrey v. Railroad, 129 Mo. App. 600. . (3) What reasonable doubt can there be but that the appeal for sympathy was effective to win the jury, and cause them to give plaintiff the benefit of every doubt in determining the issues in the cause?   The verdict should therefore be set aside.   Harper v. Telegraph Co., 92 Mo. App. 304; Mahner v. Linck, 70 Mo. App. 380.

*J. C. Kiskaddon, R. L. Shackelford* and *A. H. Kiskaddon* for respondent.

(1)   The first contention of the defendant is that, "The protection which an officer is entitled to receive is a different thing from self-defense, but that, in making an arrest, his duty is to overcome all resistence, and the means he may use may be co-extensive with his duty, even to the killing of the wrongdoer."   The plaintiff

contends that the above is an incorrect statement of the law. In support of this position we wish to call the attention of the court to the following authorities. Kelly's Criminal Law, secs. 73 and 491; State v. Mc-Nally, 87 Mo. 659; State v. Anderson, 1 Hill (N. Y.) 327; 9 Am. and Eng. Ency. Law (1 Ed.), 608; 1 Bishop, Crim. Prac., sec. 617; 1 Russ. Cr. (7 Am. Ed.), 641; Forster's Case, 1 Lewin (Eng.) 187. Under one certain and particular condition, and under that only, may an officer, in making an arrest for a misdemeanor, kill the offender. That certain and particular condition arises when the offender so assaults the officer that, as a reasonable man, he must conclude he is in danger of death or great bodily injury. (2) The courts of this state hold that a plaintiff, suing under this act, (R. S. 1909, secs. 5426, 5427) to recover for the death of her husband, was properly allowed to state the number and ages of her minor children, to show the burden which their father's death had placed upon her. Organ v. Railroad, 142 Mo. App. 248; Tetherow v. Railroad, 98 Mo. 74; Soeder v. Railroad, 100 Mo. 673; O'Melia v. Railroad, 115 Mo. 205; Haehl v. Railroad, 119 Mo. 325; Schlereth v. Railroad, 115 Mo. 88.

GRAY, J.—This is an action by the widow of August F. Brinkman, against the defendant, to recover damages for the death of her husband. The petition alleged that the defendant, on the 9th day of March, 1908, unlawfully and wrongfully shot and killed the plaintiff's husband, to her damage in the sum of ten thousand dollars.

The answer admitted defendant shot and killed the deceased, but alleged affirmatively, that the act was done in self-defense.

The cause was tried during the July term, 1908, of the circuit court of said county, and the jury returned a verdict in favor of plaintiff in the sum of

$5400. The defendant appealed to the Supreme Court, and that court transferred the cause to the St. Louis Court of Appeals, and the St. Louis Court transferred the cause to this court. Both parties have appeared in this court, and no question of jurisdiction is involved.

The defendant contends that the verdict is not sustained by any substantial evidence. He admitted that he killed plaintiff's husband and justified on the ground of self-defense. Whether his evidence was sufficient to sustain his plea of justification, was for the jury. [Morgan v. Mulhall, 214 Mo. 1. c. 459, 114 S. W. 4; Pierce Loan Co. v. Killian, 132 S. W. 280; Orscheln v. Scott, 90 Mo. App. 353; State v. Evans, 124 Mo. 397, 28 S. W. 8; Seehorn v. Bank, 148 Mo. 256, 49 S. W. 886.]

One Edw. Kunelmeyer gave important testimony in behalf of plaintiff. The defense offered several witnesses to prove that Kunelmeyer's general reputation for truth and veracity was bad. This list included one Dr. Fitzgerald, who testified that his knowledge of the reputation of Kunelmeyer had been obtained since the death of plaintiff's husband. Whereupon, the court refused to permit him to testify to the witness' reputation. Later in the trial, the court changed its ruling and permitted the witness to testify. In changing its ruling, the court said, in the presence of the jury: "Having studied over this matter, I find it necessary to change my ruling. Applying the rule where a witness has testified that reputation is bad, and upon cross-examination it discloses the fact that he has formed the opinion and it has become permanent, I think it is something for the jury to determine and is not rendered inadmissible. The court thinks such evidence is admissible, and the manner in which he acquired his knowledge is a question to be determined by the jury."

We fail to see anything improper in the remarks of the court. The court had erred in rejecting the testimony when it was first offered, and in correcting its

error, it simply stated that the testimony was competent and the weight of it was for the jury.

In his argument before the jury, counsel for plaintiff said: "The jury has a right in determining the issues in this case, to take into consideration the fact that plaintiff is the mother of five little minor children; and the age and condition of each of said minor children." Counsel for the defendant objected to the remarks, and the court overruled his objection. It is now claimed the remarks were improper and prejudicial. In determining the amount of the damages, the jury had the right to take into consideration the evidence that deceased had left minor children for the plaintiff to support. [Fisher v. Central Lead Co., 156 Mo. 479, 56 S. W. 1107; Tethrow v. Railroad Co., 98 Mo. 74, 11 S. W. 310.]

The defendant admits the argument was proper if limited to the question of damages, but says it was not so limited, and that plaintiff's counsel intended thereby to procure the sympathy of the jury, and thus get a finding in his client's favor on the main issue. It seems to us the rule governing such matters should be the same as the one relating to the introduction of testimony. If testimony is admissible for any purpose, a general objection to it as improper, is not sufficient. The party should ask to have the testimony limited to its proper purpose. And if an argument is proper as to a particular issue in the case, and improper as to the others, then the opposing party should ask the court to limit the effect of the argument to the proper issue, and a general objection will not do.

In this case, no such request was made, and the trial court did not see fit to sustain the objection or to grant a new trial on account of any improper conduct of plaintiff's counsel. Such questions must largely be left to the sound discretion of the trial court, and it is only when an abuse of such discretion is shown, that the appellate courts are justified in interfering.

The appellant contends that the court's instructions ignore the fact that defendant was an officer and his rights in the premises as such. There was no evidence that the defendant was acting in his official capacity, or that he pretended to act as such at the time.

We 'have disposed of all the errors assigned, and having determined them in favor of the respondent, the judgment of the circuit court should be affirmed, and the same is accordingly done. All concur.