THE STATE ex rel. O'MALLEY v. J. P. NIXON et al., Judges of Springfield Court of Appeals.

In Banc, June 7, 1911.

1. **Appellate Jurisdiction: Case Originating Outside District.** A court of appeals possesses no jurisdiction of the subject-matter of an appeal granted by a trial court sitting outside the territorial limits of the court of appeals district.

2. ——: ——: ——: **Appearance.** Nor can the parties to an appeal granted by a court sitting outside of the territorial limits of the court of appeals district confer jurisdiction upon the court of appeals to hear and determine the case by entering their appearance therein.

2. ——: ——: ——: **Certiorari.** And where a court of appeals has entertained jurisdiction of an appeal granted by a court sitting outside its territorial district, and has decided the case and entered judgment reversing the judgment of the trial court, the Supreme Court, in an original action of *certiorari,* will quash the proceedings of said court of appeals.

4. ——: ——: ——: **Costs.** Where the acts of the respondents, the judges of said court of appeals, though illegal and void, were performed in good faith while they were acting in a judicial capacity, the costs of the proceedings in the *certiorari* will be taxed against relator.

Certiorari.

PROCEEDINGS IN COURT OF APPEALS QUASHED.

*T. D. Cannon* and *F. C. O'Malley* for relator.

The Springfield Court of Appeals had no jurisdiction of the case of State ex rel. O'Malley v. Musick et al. State ex rel. v. Nixon, 232 Mo. 496.

*George Lubke, George Lubke, Jr.,* and *Frank H. Braden* for respondent.

The writ of *certiorari* should be dismissed because relator did not raise the question of territorial jurisdiction in the Springfield Court of Appeals, and did not move to retransfer the Musick case to St. Louis Court of Appeals. Sec. 2, Laws 1909, p. 394, gives a court of appeals jurisdiction to determine in the first instance what cases it has jurisdiction over. Where the inferior court is given the right to pass on the question it should be given an opportunity to do so before the writ of *certiorari* is allowed. State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Gill, 137 Mo. 627. The writ reaches only questions of jurisdiction. State ex rel. v. Bland, 168 Mo. 1; State ex rel. v. Smith, 173 Mo. 398.

BROWN, J.—This is an original action by *certiorari* in this court to quash the judgment and other proceedings of the respondents as judges of the Springfield Court of Appeals, in a certain suit which originated in the circuit court of St. Louis City, entitled, "State of Missouri at the relation and to the use of Margaret O'Malley, plaintiff, against John U. Musick, Edward Christ Ette and David M. Musick, defendants."

In this last named suit the plaintiff recovered judgment against the defendants in the circuit court of St. Louis City on May 9, 1907, for the sum of $5000, from which the defendants under the laws then in force prosecuted an appeal to this court.

Before that appeal was heard by this court the General Assembly increased the jurisdiction of the courts of appeals to $7500; and this court certified said appeal to the St. Louis Court of Appeals, to be heard and determined by that tribunal, pursuant to section 1, Laws 1909, p. 397.

On December 30, 1909, while said appeal was thus duly pending in the St. Louis Court of Appeals, the

judges of the several courts of appeals in this State met, and under the provisions of section 3939, Revised Statutes 1909, made an order transferring said appeal to the Springfield Court of Appeals.

Thereafter, the parties to said case of State ex rel. O'Malley v. Musick appeared in said Springfield Court of Appeals and after the cause had been revived against the executor of defendant Ette (who had died), the appeal was duly argued and submitted. On June 6, 1910, said Springfield Court of Appeals filed its opinion and entered judgment in said cause, reversing the judgment of the circuit court of St. Louis.

The relator herein contends that the Springfield Court of Appeals possessed no power or jurisdiction to hear and determine the aforesaid appeal, because of the unconstitutionality of section 3939, Revised Statutes 1909, purporting to authorize the transfer of appeals and writs of error from one court of appeals to another.

The precise question involved in this cause was decided by this court In Banc in the recent case of State ex rel. St. Louis Dressed Beef and Provision Company v. Nixon et al., 232 Mo. 496, wherein we held that the Springfield Court of Appeals possessed no jurisdiction of the subject-matter of an appeal granted by a trial court sitting outside the Springfield appellate district; and wherein we also further held that the parties to such an appeal could not confer jurisdiction upon such last named appellate court by entering their appearance therein.

It follows that the proceedings of respondents in said suit of State ex rel. O'Malley v. Musick, are illegal and void; and for that reason, the judgment and all other proceedings of said Springfield Court of Appeals in said cause are quashed; but the acts of respondents having been performed in good faith while acting in a judicial capacity, the costs of this action are taxed against relator. All concur.