## AUGUSTA BRINKMANN, Respondent, v. F. W. GOTTENSTROETER, Appellant.

### St. Louis Court of Appeals, November 7, 1911.

The opinion of the Springfield Court of Appeals in this case (153 Mo. App. 351) is adopted as the opinion of the court.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors,* Judge.

AFFIRMED.

*Jesse H. Schaper* and *John W. Booth* for appellant.

*J. C. Kiskaddon, R. L. Shackelford* and *A. H. Kiskaddon* for respondent.

PER CURIAM.—The appeal in this case was prosecuted to the Supreme Court, but it was transferred to this court under the provisions of the Act of the Legislature, approved June 12, 1909 (see Laws of Missouri 1909, p. 397; see, also, Sec. 3937, R. S. 1909), and was thereafter transferred by this court to the Springfield Court of Appeals under the provisions of the Act of the Legislature, approved June 12, 1909.

Brinkmann v. Gottenstroeter.

[See Laws of Missouri 1909, p. 396; see, also, Sec. 3939, R. S. 1909.] In due time the cause was disposed of by the Springfield Court of Appeals through an opinion prepared by Judge GRAY of that court, as will appear by reference to Brinkman v. Gottenstroeter, 153 Mo. App. 351, 134 S. W. 584. Subsequently, the Supreme Court declared the legislative act, approved June 12, 1909 (Laws of Missouri 1909, p. 396, Sec. 3939, R. S. 1909), which purported to authorize the transfer of cases from this court to the Springfield Court, to be unconstitutional, as will appear by reference to the cases of State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 S. W. 336; State ex rel. St. Louis Dressed Beef, etc. Co. v. Nixon, 232 Mo. 496, 134 S. W. 538; State ex rel. O'Malley v. Nixon, 233 Mo. 345, 138 S. W. 342. The cause was thereafter transferred by the Springfield Court of Appeals to this court on the theory that the jurisdiction of the appeal continued to reside here and the proceedings had in the Springfield Court with reference thereto were *coram non judice*.

The case has been argued and submitted here and duly considered. Upon reading the record and considering the arguments for a reversal of the judgment, we are persuaded that the statement of facts and the opinion of the Springfield Court, above referred to, properly dispose of the controversy. In this view, the opinion of Judge GRAY, delivered in the Springfield Court of Appeals, which may be found reported under the title of Brinkman v. Gottenstroeter, 153 Mo. App. 351, 134 S. W. 584, will be adopted as the opinion of this court and reference is made thereto for our views touching the several arguments advanced. The opinion referred to concludes with the statement that there is no evidence in the record tending to prove defendant was acting as marshal of the town of Gerald at the time the fatal shots were fired by him, and it is earnestly argued for defendant that this statement evinces a misconception of the proof. We have read the entire record with

this thought in mind and concur in the views expressed in the opinion, for though defendant testified that he was marshal of the town, not a word in the evidence suggests that he undertook to arrest Brinkman, the decedent. On the contrary, the evidence tends to prove that he entered into a fight with the decedent, during which he shot and killed Brinkman. Neither defendant, himself, nor any one for him, suggests that he was engaged in attempting to arrest decedent. For the reasons given in the opinion above referred to, the judgment should be affirmed. It is so ordered. All concur.