MINER HUNTER, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, November 7, 1911.**

The opinion of the Springfield Court of Appeals in this case 149 Mo. App. 243) is adopted as the opinion of the court.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*J. L. Minnis* and *Jones, Jones, Hocker & Davis* for appellant.

*McShane & Goodwin, J. W. Delventhal* and *Rosenberger & Son* for respondent.

PER CURIAM.—The appeal in this case was prosecuted to the Supreme Court, but it was transferred to this court under the provisions of an Act of the Legislature, approved June 12, 1909 (Laws of Missouri 1909, p. 397; see, also, Sec. 3937, R. S. 1909), and was thereafter transferred by this court to the Springfield Court of Appeals under the provisions of an Act of the Legislature, approved June 12, 1909. [See Laws of Missouri 1909, p. 396; see, also, Sec. 3939, R. S. 1909.] In due time the cause was disposed of by the Springfield Court of Appeals through an opinion prepared by Judge Cox of that court, as will appear by reference to Hunter v. Wabash R. Co., 149 Mo. App. 243, 130 S. W. 103. Subsequently, the Supreme Court

declared the legislative act, approved June 12, 1909
(Laws of Missouri 1909, p. 396; Sec. 3939, R. S. 1909),
which purported to authorize the transfer of cases
from this court to the Springfield Court, to be unconsti-
tutional, as will appear by reference to the cases of
State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 S. W.
336; State ex rel. St. Louis Dressed Beef, etc. Co. v.
Nixon, 232 Mo. 496, 134 S. W. 538; State ex rel. O'Mal-
ley v. Nixon, 233 Mo. 345, 138 S. W. 342. The cause
was thereafter transferred by the Springfield Court of
Appeals to this court on the theory that the jurisdiction
of the appeal continued to reside here and the pro-
ceedings had in the Springfield Court with reference
thereto were *coram non judice.*

The case has been submitted here and duly con-
sidered. Upon reading the record and considering the
arguments for a reversal of the judgment, we are per-
suaded that the statement of facts and the opinion of
the Springfield Court, above referred to, properly dis-
pose of the controversy. The facts stated by Judge
Cox as tending to prove that the "satisfaction piece"
and the stipulation for a reversal of the judgment were
involuntarily made by plaintiff may be supplemented
by a statement of others which appear in the record as
well. In addition to what is stated in that opinion
touching this matter, it should be said that it is con-
ceded throughout the case that both Garber, the prose-
cuting attorney of Warren county, who was formerly
the attorney for this plaintiff, and J. George Polster,
the sheriff of Warren county at the time, were on inti-
mate terms with the attorney of defendant and enjoyed,
through him, the use of free passes over defendant's
railroad. From these facts, it may be inferred that
they were at least friendly to defendant's cause and it
appears, too, that plaintiff, an illiterate negro, admitted
to be below average intelligence, was brought to the
office of Garber, the prosecuting attorney, by the sher-
iff, Polster, at the instance of Garber, for the purpose

of entering into the interview which resulted in procuring the "satisfaction piece" in controversy here. Defendant's witness, Garber, admits the negro was not only illiterate, but possessed less than average intelligence, too; that he was inexperienced is shown by this and the further fact that he was but twenty-one years of age at the time. All of this tends with great force to show that he was overawed and unduly influenced, for to surround one of his race and admitted mental deficiencies with detectives, sheriffs and prosecuting attorneys, under the circumstances here disclosed, with statements about locking up the g— d— negro, etc., would be sufficient to unduly influence a much stronger character than he. We believe the evidence to be not only abundant on this matter but that the judgment of the court is for the right party thereon.

It may be said, too, in addition to the facts stated by Judge Cox pertaining to the matter of estoppel, that it does not appear defendant dismissed its appeal in the Supreme Court. On the contrary, the proof is conclusive by the records of that court in evidence that defendant's appeal to that tribunal was dismissed on the motion of plaintiff's counsel. It is true the appeal was dismissed for want of prosecution, but it appears defendant had taken steps pertaining thereto by filing its bill of exceptions and otherwise, even after the "satisfaction piece" and the stipulation for a reversal of the judgment were taken. With these additional observations, we concur with the statement of facts and the opinion rendered by the Springfield Court of Appeals, which is adopted, and fully appears in Hunter v. Wabash R. Co., 149 Mo. App. 243, 130 S. W. 103. For the reasons suggested in that opinion and in this, the judgment should be affirmed. It is so ordered. All concur.