SABINA ASMUS, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, November 7, 1911.

1. **OPINION OF SPRINGFIELD COURT OF APPEALS ADOPTED.** The opinion of the Springfield Court of Appeals in this case (152 Mo. App. 521) is adopted as the opinion of this court.

2. **STREET RAILWAYS: Action for Death: Obstruction in Street: Charter Duties of Defendant: Pleading: Petition Construed.** In an action against a street railway company for the death of a teamster, alleged to have been caused by defendant's maintenance of an improper switch in a street, an allegation in the petition that the pavement on both sides of the rails where the flanges were constructed and maintained had become out of repair and was worn and depressed for six inches on each side of the rails, from the wear incident to the ordinary uses of the street, was insufficient to raise the issue of defendant's negligence in failing to perform its charter duty to keep the street in repair for one foot outside the rails, since, to declare on a negligent breach of duty in that regard, it should have been alleged that defendant either knew, or by the exercise of ordinary care could have known, that the street was defective.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

REVERSED AND REMANDED.

*Glendy B. Arnold* and *Boyle & Priest* for appellant.

*Robert L. McLaren* for respondent.

PER CURIAM.—The appeal in this case was prosecuted to this court, but it was transferred to the Springfield Court of Appeals under the provisions of an Act of the Legislature, approved June 12, 1909. [See Laws of Mo. 1909, p. 396; see, also, Sec. 3939, R. S. 1909.] Afterwards, the Springfield Court of Appeals disposed of the case through an opinion prepared by Judge GRAY of that court, which may be found reported under the title Asmus v. United Rys. Co. of St. Louis, 152 Mo. App. 521, 134 S. W. 92. Subsequently, the Supreme Court declared the legislative act, which purported to authorize the transfer of cases from one court of appeals to another for hearing and determination, to be unconstitutional, as will appear by reference to the cases of State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 S. W. 336; State ex rel. Dressed Beef, etc. Co. v. Nixon, 232 Mo. 496, 134 S. W. 538; State ex rel. O'Malley v. Nixon, 233 Mo. 345, 138 S. W. 342. Because of such ruling of the Supreme Court, the case was thereafter transferred by the Springfield Court of Appeals to this court on the theory that the jurisdiction of the appeal continued to reside here and the proceedings had in the Springfield Court with reference thereto were *coram non judice.*

The case has been argued and submitted here and duly considered. On examination of the several arguments advanced for a reversal of the judgment, we are prepared to concur in the views of the Springfield Court, heretofore expressed thereon, and therefore adopt as the statement of facts and the opinion of this court the opinion above referred to in the same case, which, as before said, is reported under the title of Asmus v. United Rys. Co. of St. Louis, 152 Mo. App.

521, 134 S. W. 92. In view of the earnest argument of appellant, we will supplement what is said by Judge GRAY in that opinion with reference to there being no allegation of negligence against this defendant with respect to the condition of the street adjacent to the defective flange in the switch. It is true the petition does recite that ''at all times herein mentioned and for a long time prior thereto, the pavement of said Washington avenue, on both sides of and adjoining the two said rails at the places where said flanges are constructed and maintained, as aforesaid, had become and was out of repair in that it was worn, sunken, depressed for a distance of about six inches on each side of said rails, from the wear and tear incident to the usual and ordinary uses of said street.'' But we see nothing in this which amounts to an allegation of negligence against this defendant in respect of the condition of the street; for to declare a negligent breach of duty against the defendant touching that matter, it should be alleged that defendant either knew or by the exercise of ordinary care might have known the street was so defective. There is naught in the petition to this effect, and it is obvious the grievance complained of was the alleged dangerous condition caused by the breach of defendant's duty to exercise ordinary care with respect to the flanges of the switch which it maintained in the highway. With this slight addenda thereto, we concur in the view expressed in the opinion above referred to and for the reasons suggested therein, the judgment should be reversed and the cause remanded. It is so ordered. All concur.