[No. 7,028.—Department Two.]
March 27, 1882.

## LUKE DESCALSO v. MUNICIPAL COURT OF APPEALS OF THE CITY AND COUNTY OF SAN FRANCISCO.

JURISDICTION OF THE MUNICIPAL COURT OF APPEALS OF SAN FRANCISCO—
TRANSFER OF CASE FROM COUNTY COURT—RETURN TO WRIT OF CER-
TIORARI—RECORD.—The Municipal Court of Appeals could not acquire
jurisdiction of a case except by transfer from the County Court.

ID.—ID.—APPEARANCE.—In the absence of such transfer the voluntary ap-
pearance of the defendant could not confer jurisdiction.

APPEAL from a judgment in the Fifteenth District Court, City and County of San Francisco, for the plaintiff upon a writ of certiorari. DWINELLE, J.

These proceedings grew out of the case of R. C. Mowbray against Luke Descalso (respondent herein) commenced in the Justice's Court of the City and County of San Francisco, October 1, 1877. The complaint in this last named action was on *quantum meruit* by Mowbray against Descalso for professional services as a dentist.

The plaintiff recovered judgment against defendant in the Justice's Court for the sum of one hundred and fifty-seven dollars, and seven dollars and eighty cents percentage, and ten dollars and fifty cents costs.

The defendant appealed to the County Court of the City and County of San Francisco.

The transcript on appeal was filed in the County Court, October 22, 1877.

On July 31, 1878, case was dismissed by the Municipal Court of Appeals, on motion of defendant's attorney, no one appearing for plaintiff, but was subsequently, by consent, restored on motion of the plaintiff, and judgment rendered in his favor.

Afterwards, upon a writ of certiorari to review the proceedings, the judgment appealed from was rendered, annulling the judgment of the Municipal Court of Appeals.

The affidavit of plaintiff filed in the lower Court alleged:

That on or about the twentieth day of May, 1878, and while said cause was pending on appeal in said County Court,

the said County Court, on its own motion and without the consent of affiant, made a general order transferring all cases then pending in said County Court on appeal from the Justice Court, to the Municipal Court of Appeals of the City and County of San Francisco, for trial.

That no order was ever made by said County Court in said cause, transferring it to said Municipal Court of Appeals.

The return to the writ contains no reference to the above or any order of the County Court transferring the case to the Municipal Court of Appeals.

*Colin Campbell*, for Appellant.

The general order of the County Court transferring the case of *Mowbray* v. *Descalso*, with others, from that Court to the Municipal Court of Appeals, was sufficient to give the last named Court jurisdiction of said case.

In fact, no order, general or special, on the part of the late County Court was necessary to transfer any case pending therein, on appeal from the Justice's Court, from said County Court to the Municipal Court of Appeals, after said last named Court had been established by the Act of the Legislature, approved April 1, 1878.  (Vide § 12 of said Act—Statutes of Cal. 1877–8, p. 948.)

The case was pending on appeal from the Justice's Court at the time the said Municipal Court of Appeals was organized, and falls within that class of cases mentioned and provided for in Section 12 of Act creating the Municipal Court of Appeals, *supra*.

That section of the Act makes it the duty of the Clerk of the County Court to transmit to the Municipal Court of Appeals "all the papers in civil cases of appeal then pending and undetermined in said County Court." This act of transferring cases was a merely ministerial act on the part of the Clerk of the County Court, and any general order of the County Court transferring all cases of the class described to the Municipal Court of Appeals, or any order specially made in any particular case, was simply in excess of what was necessary.

The order of the Municipal Court of Appeals restoring the case to the calendar, by consent of the attorney for defendant,

after it had once been dismissed on his motion, was sufficient to give that Court jurisdiction of the case, even if we ignore all other proceedings therein; if that Court could in any event have obtained jurisdiction of the subject matter of the of the action. (*Davies* v. *Packard et al.* 6 Wend. 327; *Shay* v. *Superior Court,* 57 Cal. 541.)

*Stanly, Stoney & Hayes,* for Respondents.

But even under the doctrine of *Fraser* v. *Freelon,* 53 Cal. 644, the judgment in the case at bar must be affirmed. The question of jurisdiction when raised by certiorari must be determined solely by the return to the writ. The return cannot be contradicted on any question of fact, nor can it be helped out by any other paper. When the writ is issued, the petition or affidavit on which it was granted, except attacked by demurrer, or a motion to quash or supersede the writ, becomes *functus officio.* When return is made to the writ, the hearing and determination can be had only on that return, and it must show the jurisdiction. In the case at bar, as in *Fraser* v. *Freelon,* it does not appear from the return that the case was transferred to the Municipal Court of Appeals from the County Court. The return therefore fails to show that the former Court acquired jurisdiction of the cause of action.

The simple reply to appellant's fourth point, is that consent can only confer jurisdiction of the person, not of the subject matter or cause of action. (*Reynolds* v. *Harris,* 14 Cal.; *Hayes* v. *Shattuck,* 21 id.; *Mahoney* v. *Middleton,* 41 id.)

The COURT:

It appears by the transcript that in the case of *R. C. Mawbray* v. *Luke Descalso,* that there was an appeal from the judgment of the Justice's Court to the County Court. But it does not appear that the case was ever transferred to the Municipal Court of Appeals which had jurisdiction to hear and determine civil appeal cases which were directed to be transferred to it from the County Court, and none other.

The defendant appeared in the Municipal Court of Appeals; and it is claimed that by so doing he submitted to its jurisdiction, and cannot now be heard to object to it. "The voluntary appearance of a defendant is equivalent to personal

service of the summons upon him." (C. C. P. 416). But the Municipal Court of Appeals could not acquire jurisdiction of the person of the defendant or the subject of the action except by a transfer from the County Court; and the law did not provide that the voluntary appearance of a defendant in the Municipal Court of Appeals should be equivalent to a transfer of the case to it from the County Court.

There were other points discussed which it is unnecessary to decide.

Judgment affirmed.