THE STATE ex rel. ST. LOUIS DRESSED BEEF & PROVISION COMPANY v. J. P. NIXON et al., Judges.

In Banc, February 9, 1911.

1. **APPEALS: Jurisdiction: Court of Appeals: Cases Arising Outside Territorial Limits.** A court of appeals has no jurisdiction of an appeal in a case tried in a county outside of its territorial district as fixed by the Legislature; and the Legislature has no power to confer upon it jurisdiction in such case. The Consti-

tution says the jurisdiction of a court of appeals shall be "co-extensive" with the counties assigned to each court respectively. Section 3929, Revised Statutes 1909, authorizing the transfer of an appeal from one court of appeals to another court of appeals, is unconstitutional and void.

2. ———: ———: ———: ———: **Appearance: Consent.**
Nor can appearance and consent of parties give to the court of appeals jurisdiction in such case. Appearance gives jurisdiction of the parties where the court has jurisdiction of the subject-matter; but a court of appeals has no jurisdiction of the subject-matter of an appeal arising outside of its territorial district.

3. ———: ———: ———: ———: **Consent: General Rule.**
Where the jurisdiction of an appellate court is limited by law to appeals arising within fixed territorial limits, such jurisdiction cannot be enlarged by the consent of parties so as to draw within it a case arising outside of such limits, even though it may be true that within such limits the court has jurisdiction of appeals involving the subject-matter of the same class.

Prohibition.

PEREMPTORY WRIT AWARDED.

*W. B. & Ford W. Thompson* and *Fred Armstrong, Jr.*, for relator; *Ralph Crews* of counsel.

(1) It has been decided in State ex rel. Dunham v. Nixon, that the Springfield Court of Appeals has no jurisdiction to try cases appealed from the circuit court of the city of St. Louis, and relator, on the authority of that case, refrains from further discussion on that point. (2) Prohibition is the proper remedy when a court of appeals attempts wrongfully to exercise jurisdiction under an unconstitutional statute, and, even after mandate of the court of appeals and execution in pursuance thereof in the circuit court, it is not too late for prohibition to issue, provided the judgment has not been satisfied. Finkelnburg, Mo. App. Practice (2 Ed.), 198, 209, 213; State ex rel. v. Sale, 188 Mo. 497; State ex rel. v. Elkin, 130 Mo. 109; State ex rel. v. Rombauer, 105 Mo. 103; State ex rel. v. St.

Louis Court of Appeals, 97 Mo. 283; Klingelhofer v. Smith, 171 Mo. 462; State ex rel. v. Lewis, 76 Mo. 370; State ex rel. v. Hirzel, 137 Mo. 448. (3) When an appellate court under the Constitution has no jurisdiction, no act of the parties constitutes a waiver of jurisdiction so as to make valid a finding of that court. The situation of such a court, with its jurisdiction constitutionally defined, is not in this respect at all analogous to that of a circuit court. 2 Cent. Dig. Tit. Appeal and Error, secs. 88 to 99 and sec. 2185; 1 Dec. Dig. Tit. Appeal and Error, secs. 21 and 22; Ewing v. Brooks, 69 Mo. 49; Klingelhofer v. Smith, 171 Mo. 461; State ex rel. v. School Dist., 143 Mo. 89; Little v. Reid, 141 Mo. 246; May v. Garvis, 138 Mo. 449; Gordon v. Gray, 19 Colo. 167; Kansas City v. Zahner, 138 Mo. 454; Chipman v. Waterbury, 59 Conn. 496; Descalso v. San Francisco Court, 60 Cal. 296; Bailey v. Birkhofer, 123 Ia. 59. (4) The mandate of an appellate court, acting without jurisdiction, is null, and a circuit court has no power to act under such void mandate. If it should so attempt to act, prohibition is the proper remedy and it is not too late for prohibition to issue even after execution has issued, if the judgment has not been satisfied. Klingelhofer v. Smith, supra. (5) A court of appeals had no authority to issue a mandate to a circuit court not within its territorial jurisdiction. Constitution Mo. art. 6, secs. 12, 13, 14, 16 and 27; Amend. 1884, secs. 1, 2, 3, 4 and 7.

*Joseph F. Coyle* and *Morrow & Kelley* for respondents.

(1) Section 3 of the amendment to the State Constitution, adopted in 1884, giving the General Assembly power to create one additional court of appeals, and provide for the transfer of causes from one court of appeals to another court of appeals, and provide for the hearing and determination of such causes by

the courts to which they may be transferred, is as follows: "Section 3. Court of appeals, one additional may be established—districts, terms and pecuniary jurisdiction may be changed—transfer of cases. The General Assembly shall have power by law to create one additional court of appeals, with a new district therefor; to change the limits of the appellate districts, and the names of the courts of appeals, designating the districts by numbers or otherwise; to change the time of holding the terms of said courts; to increase or diminish the pecuniary limit of the jurisdiction of the courts of appeals; to provide for the transfer of cases from one court of appeals to another court of appeals; to provide for the transfer of cases from a court of appeals to the Supreme Court, and to provide for the hearing and determination of such cases by the courts to which they may be transferred." This section of the amendment stands to itself and is a grant of power to the Legislature to be exercised in the future. It has nothing whatever to do with the other provisions of the amendment and stands alone. All the other sections of the amendment are self-enforcing. The Constitution in plain language gives the Legislature power "to provide for the transfer of causes from one court of appeals to another court of appeals; . . . and to provide for the hearing and determination of such causes by the courts to which they may be transferred." If the Legislature by authority of this grant of power had the right "to provide for the transfer of cases from one court of appeals to another court of appeals" and "to provide for the hearing and determination of such cases by the courts to which they may be transferred," surely it had a right to pass the act of June 12, 1909, for that is exactly what it did. This act simply provides for the transfer of causes and gives the courts to which they may be transferred power to hear and determine the same. Broader language cannot be imagined.

In re Garesche, 85 Mo. 469; Bond v. Carter, 96 Tex. 359. "Authority to hear and determine a cause is jurisdiction to try and decide all the questions in the controversy." Onarl v. Abbett, 102 Ind. 253; 52 Am. Rep. 662; Commonwealth v. Simpson, Grant Cas. (Pa.) 438; 4 Words and Phrases, 3235; State ex rel. v. Stobie, 194 Mo. 45; State ex rel. v. Withrow, 108 Mo. 1; Gray v. Bowles, 74 Mo. 423; 11 Cyc. 659; 17 Am. and Eng. Ency. Law (2 Ed.) 1041. Clearly, the Legislature had authority to pass the act in question if ordinary meaning is given to the plain words of the Constitution. (2) While in ordinary cases the jurisdiction of the several courts of appeals is only co-extensive with their districts and appeals come from and writs of error run only to the courts in the counties comprising their several districts, yet in the cases transferred under the statute the court to which the cause is transferred is vested by the statute itself with jurisdiction, regardless of the place of the origin of the cause, or the county from which the appeal comes. The statute does not attempt to limit the transfer of cases simply to the territorial appellate district of the several courts of appeals. But the purpose was to transfer causes arising in one appellate district to the court of another appellate district, so that they might be speedily heard and determined. The Constitution having given the Legislature the broad power to provide for the transfer of cases from one court of appeals to another, and to provide for the hearing and determination thereof by such courts without restriction as to appellate districts, there can be no constitutional objection to the statute which gives jurisdiction to the courts of appeals arising outside of their respective appellate districts. Bond v. Carter, 96 Tex. 359. If so, a statute providing for change of venue which confers jurisdiction upon a court of another district when a cause has been properly transferred to it, would be unconstitutional. (3) The Act

of 1909 is presumed to be constitutional until the contrary plainly appears. Deal v. Mississippi Co., 107 Mo. 464; State ex rel. v. Wofford, 121 Mo. 61; State ex rel. v. Yancy, 123 Mo. 391; Edwards v. Lesueur, 132 Mo. 410; State ex rel. v. Fort, 210 Mo. 526; State ex rel. v. McIntosh, 205 Mo. 602; State ex rel. v. Warner, 197 Mo. 656; State v. Layton, 160 Mo. 499. We most respectfully and earnestly contend that the decision rendered by this court in the case of State ex rel. Dunham v. Nixon, is in direct conflict with the plain and express language and provisions of the Constitution of Missouri, hereinbefore set out, and is in direct conflict with all the authorities above cited, and for these reasons should be overruled. We respectfully submit that the opinion in the Dunham-Nixon case supra, does not refer to a single constitutional provision nor cite a single authority in support of the ruling made therein. Even though the St. Louis Court of Appeals had no authority to transfer the cause to the Springfield Court of Appeals, plaintiff herein conferred jurisdiction on said Springfield court by filing his abstract of records and briefs, and appearing by counsel and orally arguing said cause in said Springfield court, and asking said court to decide said cause in his favor. In the case at bar, plaintiff herein not only filed his abstract, brief and reply brief in the Springfield court, but appeared by counsel in said Springfield court and orally argued the cause, and not until after he had had his day in court, and the judgment of the circuit court had been affirmed by the Springfield court, did he ever in any manner attempt to question the jurisdiction of said court.

FERRISS, J.—This is an application for a writ of prohibition against the judges of the Springfield Court of Appeals and a judge of the St. Louis Circuit Court to prevent further action in this case, which was trans-

ferred to the Springfield Court of Appeals from the St. Louis Court of Appeals.

The application is based upon the following facts:

At the October term, 1906, of the circuit of the city of St. Louis, one William Moudy, as plaintiff, obtained a judgment against the St. Louis Dressed Beef & Provision Company, a corporation, for personal injuries, in the sum of $5000. The case was appealed to this court, and was later transferred from this court to the St. Louis Court of Appeals. Subsequently to this, and while the case was pending in the St. Louis Court of Appeals, it was transferred to the Springfield Court of Appeals by virtue of the provisions of section 3939, Revised Statutes 1909, authorizing such transfers. Thereafter the case was docketed in the Springfield Court of Appeals, and the original defendant, petitioner in this case, appeared by counsel and orally argued the same. The Springfield Court of Appeals affirmed the judgment of the circuit court of the city of St. Louis, and has sent its mandate to the last named court.

Relator contends that, notwithstanding its appearance in the Springfield Court of Appeals, that court had no jurisdiction to decide the case, and that, consequently, its judgment and mandate are void.

Article 6 of the Constitution provides that the jurisdiction of the St. Louis Court of Appeals and the Kansas City Court of Appeals shall be "coextensive" with the counties assigned to each court respectively. A similar provision is made by the act (R. S. 1909, sec. 3926) creating the Springfield Court of Appeals. In the recent case of State ex rel. Dunham v. Nixon, 232 Mo. 98, this court, referring to said article 6, said: "When jurisdiction of a certain character is by that article conferred on a particular court, the jurisdiction so conferred is exclusive." It follows from this that each court of appeals has exclusive jurisdiction of appeals arising within its territorial limits,

and, necessarily, no jurisdiction of appeals arising within the territorial limits of either of the other courts of appeals. This court said further in the above case that, "unless expressly authorized to do so, a court is without authority to transfer a case from it to another court;" that "the conferring of jurisdiction belongs to the lawmaking power of the State." This court held that the above act (section 3939) was unconstitutional and void, and therefore concluded that inasmuch as the statute was void, the act of the St. Louis Court of Appeals in attempting to transfer the cause to the Springfield Court of Appeals was void, and that such attempt to transfer was without force or effect and failed to confer jurisdiction on the Springfield Court of Appeals. It follows from the decision of this court in the above case that the case at bar is still pending in the St. Louis Court of Appeals, unless it has been removed to the Springfield court by consent of the parties.

It is urged that inasmuch as the Springfield Court of Appeals has jurisdiction of causes of a similar nature to the one at bar, i. e., of causes arising from personal injuries, it therefore had jurisdiction of the subject-matter of the action, and that objections to the jurisdiction of the persons were waived by appearance. This proposition is based on the well-known rule that want of jurisdiction of the person is cured by appearance, where the court has jurisdiction of the subject-matter. In the light of this rule, however, we get but a superficial view of the matter. The real question lies deeper. It is this: Can the parties, by consent, invest a court with power not authorized by law or conferred upon it by the Constitution?

The Springfield Court of Appeals possesses limited powers. It is not a court of general inherent jurisdiction. In cases of the class to which belongs the case at bar it has appellate jurisdiction only. Under the law as construed by this court, the Springfield court has no jurisdiction or power to review cases

arising outside its present territorial limits.   Such power has not been conferred by the Constitution. The Legislature has not given, and cannot give, such power; nor can such jurisdiction be acquired by transfer from another appellate court.   The only method by which the Legislature can invest that court with jurisdiction of causes arising outside its present territorial limits is by changing and enlarging such limits. [State ex rel. Dunham v. Nixon, supra.]   There is, then, an absolute want of jurisdiction, either general or special, in the Springfield court to hear this appeal from the St. Louis circuit court.   Can the parties by consent bring into being that which is without existence?   To hold that parties may by consent select an appellate court of their choice, and confer on such court a power not granted by the Constitution, a power which the Legislature cannot grant, would be a startling innovation upon the course of constitutional and orderly legal procedure.

In view of the importance of the question under consideration, we will refer to the following cases.

The law of Tennessee provided that appeals and writs of error should lie from inferior courts within each of the three divisions of the State to the Supreme Court of that division.   A case, by consent of the parties, was appealed from one division to the Supreme Court of another division.   The Supreme Court of each division had jurisdiction of the subject-matter of causes—using that term in its ordinary sense—but by statute had jurisdiction only of appeals arising within its district. The Supreme Court of Tennessee held that the case should be stricken from the docket, because the appeal arose outside the territorial limits of the division.   [Memphis Freight Co. v.   The Mayor of Memphis, 3 Cold. (Tenn.) 249.]

The Constitution of Connecticut, article 5, section 1, provides: "The judicial power of the State shall be vested in a Supreme Court of Errors, a Superior

Court, and such inferior courts as the General Assembly shall, from time to time, ordain and establish; the powers and jurisdiction of which courts shall be defined by law.'' The Legislature of that State enacted that ''writs of error for errors in matters of law only may be brought from the judgments and decrees of the Superior Court, Court of Common Pleas, and any city court, to the Supreme Court of Errors, in the judicial district or county where the judgments are rendered.'' [Sec. 1145, Conn. Gen. Stats. 1888.] A writ of error from the judgment of the superior court in New Haven county was brought to the Supreme Court of Errors in the first judicial district, and was heard there by consent of the parties. The Supreme Court of Errors of Connecticut ruled as follows: ''The case must be erased from the docket. The Supreme Court of Errors in the first judicial district has no jurisdiction to hear a writ of error from a judgment of the superior court in New Haven county, that county being in the third judicial district.'' The court further said: ''One court never has the power to pronounce the judgment of any other court to be erroneous except it is authorized so to do by some express law to that effect,'' and further, that ''when a court has no jurisdiction of the cause, it is not in the power of the parties to confer jurisdiction by waiving all objections.'' [Chipman v. City of Waterbury, 59 Conn. 496.]

The Iowa code provides as follows: ''On written contracts stipulating for payment at a particular place, action may be brought in the township where the payment was agreed to be made.'' [Sec. 4481, Iowa Code 1897.] A suit was brought before a justice of the peace in a township other than the one in which the contract was payable. The Supreme Court of Iowa held that the justice had no jurisdiction, and further, that the defendant's appearance before the justice, and his failure to raise the question there, did not give the district court, to which the case was appealed, juris-

diction. The court said: "The contract sued upon must, by its terms, provide for payment at a particular place, before a justice at that place may take jurisdiction of an action against a resident of another county." The court further said, "There was no plea of estoppel, but even if there had been, such plea was properly disregarded, for the reason that jurisdiction cannot be conferred on the district court on appeal by estoppel. The parties could not, it seems, confer such jurisdiction by consent." [Baily v. Birkhofer, 123 Ia. 59.]

The Supreme Court of Colorado says: "Appeals are creatures of the statute; neither joinder in error nor the consent of parties can confer jurisdiction upon this court by appeal." [Gordon v. Gray, 19 Colo. 167.]

In the case of Descalso v. San Francisco, 60 Cal. 296, there was an appeal from the judgment of the justice's court to the county court. Under the law, the county court could transfer cases to the Municipal Court of Appeals, which had jurisdiction to hear and determine such cases as should be transferred to it from the county court, and none other. The defendant appeared in the Municipal Court of Appeals, and submitted to its jurisdiction, but afterwards objected to the jurisdiction on the ground that the case had never been transferred from the county court. This contention was upheld by the Supreme Court, which said: "But the Municipal Court of Appeals could not acquire jurisdiction of the person of the defendant or the subject of the action except by a transfer from the county court; and the law did not provide that the voluntary appearance of a defendant in the Municipal Court of Appeals should be equivalent to a transfer of the case to it from the county court."

In the case of St. Louis v. Gunning Co., 138 Mo. 347, the defendant was convicted in the police court for violation of a city ordinance regulating the erection of signs. An appeal was taken to the St. Louis

Court of Criminal Correction. It appeared that the appeal was not taken in time, and that, consequently, the Court of Criminal Correction had no jurisdiction of the appeal. It was held that the appearance before the St. Louis Court of Criminal Correction conferred no jurisdiction of the subject-matter of that case, and that the action of the latter court was null and void. Judge GANTT says (l. c. 355): "It is a familiar principle in the law of this State that it is essential to the jurisdiction of an appellate court that an appeal to it has been taken within the time and in the mode prescribed by the law governing such appeal. Said Judge BLISS, in Robinson v. Walker, 45 Mo. 117: 'A literal compliance with the statute in this respect is always held to be essential. It is the only way in which the appellate court can acquire jurisdiction of the subject-matter of the former trial. It is *res adjudicata,* and if reopened it must be according to law, and the law is too plain to admit of construction.' It was further held that the appearance of both parties in the appellate court would not give jurisdiction in such a case, as the court had no jurisdiction of the subject-matter of that case." In the case of Robinson v. Walker, cited above, the court speaking by Judge BLISS, further says: "But the circuit court has no jurisdiction of a matter already decided on in another court, and especially in actions of forcible entry and detainer exclusively cognizable before a justice of the peace, unless it is brought into court under the statute and according to its provisions; and when it has no such jurisdiction, the consent of the parties cannot give it." To the same effect is Sidwell v. Jett, 213 Mo. 601.

In Dennis v. Bailey, 104 Mo. App. 638, the court held, where an action in replevin was brought before a justice of the peace in Sullivan county, where the property was located, but both plaintiff and defendant were residents of Grundy county, that in such case the suit in replevin should be brought in some court of

record in the county where the property should be found, and that the justice had no jurisdiction. The court says: ''This action was accordingly brought in the wrong court—a court that was without jurisdiction of it. The lack of jurisdiction was inherent. If this was so, it is plain that the mere fact that the defendant appeared to the action and proceeded to the trial on the merits, could not have the effect to waive the lack of jurisdiction. . . . The numerous cases relating to jurisdiction and waiver cited and relied on by the plaintiff are without application to a case of this kind where the lack of jurisdiction in the court is inherent.''

In the case last cited the justice had jurisdiction of the subject-matter, that is, the action of replevin, but under the statute he had no jurisdiction of such actions where both parties were nonresidents of the county. In Dodson v. Scroggs, 47 Mo. l. c. 287, the court said: ''The exclusive jurisdiction given to the probate court of Dade, by implication prohibits all other courts from acting. . . . The authorities cited by counsel for plaintiff abundantly show, and only show, that the right to object to jurisdiction over the person may be waived; but the law alone, and not consent of parties, must decide what matters each particular court may hear and determine.''

Bailey on Jurisdiction, sec. 50, says: ''Where an appellate court has no jurisdiction to review, by appeal or otherwise, the judgment of an inferior court, jurisdiction cannot be conferred on such court by consent of parties.'' In section 52 of the same volume, the author says: ''The jurisdiction of appellate courts . . . is conferred ordinarily by statute and made dependent upon certain prescribed acts or conditions. If these are wanting, the court obtains no jurisdiction, although there may have been a general appearance on the part of the appellee or appellant.''

The Supreme Court of the United States, in Kel-

sey v. Forsyth, 21 How. 85, says: "It is sufficient to say that the agreement of parties cannot authorize this court to revise a judgment of an inferior court in any other mode of proceeding than that which the law prescribes."

These citations support the proposition that where the jurisdiction of an appellate court is limited by law to appeals arising within fixed territorial limits, such jurisdiction cannot be enlarged by consent of the parties so as to draw within it a case arising outside such limits, even though it may be true that within such limits the court has jurisdiction of appeals involving the subject-matter of the same class. The rules applicable to courts of general, inherent jurisdiction, such as our circuit courts, do not apply in cases such as this.

The same conclusion must be reached if we regard the question as one to be determined by merely considering whether the Springfield court had jurisdiction of the subject-matter. Jurisdiction has been said to be "the power which a man hath to do justice in causes of complaint brought before him." [17 Am. & Eng. Ency. Law, p. 1041, note 1.]

The subject-matter or cause of complaint presented to the Springfield court in this case was not personal injuries (the subject of complaint below) but it was the appeal. The cause of complaint was the action of the trial court as shown by its rulings and its judgment as preserved in the record. Inasmuch as the Springfield court had no power to review the action of the circuit court of St. Louis, it had no jurisdiction of the subject-matter of the appeal.

In the case of Wood v. Bank of the State of Georgia, 1 Fla. 381, the Supreme Court of that State said: "The proper office of this court is not to repair mere omissions and irregularities of the parties or their counsel in the court below, but errors committed by the

latter, in decisions made upon points submitted to it, or refusals to decide any questions so submitted.''

The Supreme Court of Arkansas says: ''The essential criterion of appellate jurisdiction is that it revises and corrects the proceedings in a cause already instituted, but does not create that cause. Marbury v. Madison, 1 Cranch 137.'' [Ex parte Allis, 12 Ark. l. c. 105.]

The Dunham case, supra, was decided December 17, 1910. On the same day this court handed down a decision in the case of State ex rel. Furstenfeld v. Nixon, 133 S. W. 340, not officially reported, which case was substantially similar to the one at bar, denying the writ on the ground that the appearance of relator in the Springfield court was a waiver of the defective jurisdiction. This latter case was under submission at the same time with the Dunham Case and was argued and briefed mainly upon the same point, viz., the validity of the act authorizing the transfer of causes. The point discussed in the present opinion was not brought to the attention of the court in such a manner as to advise the court of its full import. We are now satisfied that the conclusion reached in the Furstenfeld Case was erroneous, and that decision is necessarily overruled.

We hold that the Springfield Court of Appeals had no jurisdiction of this case, and that its judgment herein is null and void. The writ of prohibition will, therefore, be awarded as prayed at cost of relator.

*Woodson, Graves, Kennish* and *Brown, JJ.,* concur; *Valliant, C. J.,* and *Lamm, J.,* dissent.