JOHANNA HITZ, Respondent, v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals.    Argued and Submitted October 12, 1911.    Opinion Filed November 7, 1911.

RAILROADS: Negligence: Injury to Track Repairer. In an action under the Damage Act for the death of a track repairer who was struck and killed by a railway train, *held* the case is not distinguishable from Degonia v. R. R., 224 Mo. 564 and Van Dyke v. R. R., 230 Mo. 259, and hence that a judgment for plaintiff could not stand. [See opinion of Springfield Court of Appeals (152 Mo. App. 687) for statement of facts.]

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

REVERSED.

*Carter, Collins, Jones & Barker, S. H. West* and *Roy F. Britton* for appellant.

*Benjamin F. Clark* and *Goodman & Breitenbach* for respondent.

REYNOLDS, P. J.—This is an action by plaintiff, widow of Casimer Hitz, to recover damages on account of the killing of her husband, who was foreman of a crew of track repairers, at work in the yards of the Terminal Association at St. Louis, the train, to which the engine which ran over the deceased was attached, belonging to and being operated by the St. Louis Southwestern Railway Company. From a judgment in favor of plaintiff in the amount of $4000, defendant appealed to this court, from which court the cause was transferred to the Springfield Court of Appeals under

an Act of the General Assembly, approved June 12, 1909 (Laws 1909, p. 396, now section 3939, R. S. 1909). In that court the judgment of the circuit court was reversed but the case has been transferred back to us from the Springfield Court of Appeals, in consequence of the decision of the Supreme Court in State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., 232 Mo. 496, 134 S. W. 538, and cases *passim*. It has been argued before us and submitted by counsel.

A very full and accurate statement of the facts and an opinion by Judge Nixon of the Springfield Court of Appeals will be found reported under this same title, 152 Mo. App. 687, 133 S. W. 397. We refer to that and adopt the statement of facts there made by Judge Nixon.

On full consideration of the case, we are unable to distinguish it, in its facts and the principles involved, from the case of Degonia v. St. Louis, Iron Mountain & Southern Ry. Co., 224 Mo. 564, 123 S. W. 807, and more especially from the facts in Van Dyke v. Missouri Pacific R. Co., 230 Mo. 259, 130 S. W. 1. On the authority of the decisions of our Supreme Court in these two cases, the judgment of the circuit court in this case must be and is reversed. *Caulfield, J.,* concurs. *Nortoni, J.,* not sitting.