WILLIAM MOUDY, Respondent; v. ST. LOUIS DRESSED BEEF & PROVISION COMPANY, Appellant.

St. Louis Court of Appeals, November 7, 1911.

1. OPINION OF SPRINGFIELD COURT OF APPEALS ADOPTED. The opinion of the Springfield Court of Appeals in this case (149 Mo. App. 413), except as to the holding that the verdict is excessive, is adopted as the opinion of this court.

2. PERSONAL INJURIES: Damages: Excessive Verdict. In an action for personal injuries, a verdict for plaintiff for $5000 *held* not excessive.

3. **APPELLATE PRACTICE: Jurisdiction: Entry of Remittitur in Court Without Jurisdiction.** A remittitur filed by the respondent in an appellate court which had no jurisdiction of the cause, to procure an affirmance of a judgment in his favor, was a nullity.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*W. B. & Ford W. Thompson* for appellant; *Ralph Crews* of counsel.

*Phil H. Sheridan, Henry B. Davis* and *A. R. Taylor* for respondent.

PER CURIAM.—From a judgment of $5000 in favor of plaintiff and against defendant, rendered by the circuit court of the city of St. Louis, defendant appealed to the Supreme Court. Before the cause was submitted to that court, the jurisdiction of the St. Louis Court of Appeals was increased to include cases not exceeding $7500, whereupon on motion the Supreme Court transferred the case to this court. Acting under the provisions of section 3939, R. S. 1909 (Acts 1909, p. 396), this court transferred the case to the Springfield Court of Appeals, where on a hearing the judgment of the St. Louis Circuit Court was affirmed, on condition that plaintiff below, respondent on appeal, remit $1500 of the verdict and judgment, whereupon, plantiff filing a remittitur, the judgment of the circuit court was affirmed and mandate issued accordingly. Thereupon appellant sued out a writ of prohibition from the Supreme Court against the judges of the Springfield Court of Appeals, challenging their jurisdiction. The Supreme Court, awarding the writ, held that the Springfield Court of Appeals had no jurisdiction, by reason of the unconstitutionality of the section

160 App.—39

.or act above referred to. [See State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., 232 Mo. 496, 134 S. W. 538.] The Springfield Court of Appeals thereupon transferred the case back to this court, where it has been argued and submitted.

An examination of the opinion of the Springfield Court of Appeals in this case and under this title of Moudy v. St. Louis Dressed Beef & Provision Co., as reported 149 Mo. App. 413, 130 S. W. 476, satisfies us that the statement of facts and the opinion of Presiding Judge Nixon on the law applicable to the case are entirely correct, save as to that part of the opinion relating to the amount of the verdict. With that part of it we do not agree. We think that under the evidence in the case, the jury was justified in returning a verdict of $5000. That amount is not such as to warrant us in saying that the jury was governed by prejudice or passion or that it acted outside the evidence in arriving at the measure of damage. Particularly so, as its award was confirmed by the learned circuit court before whom the case was tried.

We adopt as our own the statement of fact and the opinion of Judge Nixon above referred to, except as to the verdict being excessive; as to that, for the reasons above given, we take a different view.

Before disposing of the appeal it is well to say that we have considered the effect of plaintiff having filed a remittitur of $1500 in the Springfield Court of Appeals. We hold that that action is no more binding than was the judgment of the Springfield Court of Appeals. It was not accepted by appellant, was filed in a court without jurisdiction of the parties or of the cause (State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., supra), and was a nullity.

On consideration of the case our conclusion is that the judgment of the circuit court should be, and it is affirmed. All concur.