MOTT STORE COMPANY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, June 24, 1913.

1. STATUTES: Amendment and Revision: Effect on Prior Statutes. The incorporation of an existing provision in a revised law merely operates to continue its existence and does not make it operative as an original act to take effect only from the date of the revised law.

2. COURTS OF APPEALS: Territorial Jurisdiction: Amendment of Statutes: Effect on Prior Statute. Sec. 3926, R. S. 1909, created the Springfield Court of Appeals and defined its territorial jurisdiction. Sec. 3927 provides that "all cases now pending" and unsubmitted in the other Courts of Appeals, coming from the territorial jurisdiction of the Springfield Court of Appeals, shall be transferred to that court. The Act of March 21, 1913 (Session Acts 1913, p. 204), amended Sec. 3926 by enlarging the territorial jurisdiction of the Springfield Court of Appeals. Held, that the amendatory act did not have the effect of making the revised law entirely original, so as to be construed as though none of its provisions had any effect except from the date of the amendment, but that the inclusion of the former provisions operated merely to continue their existence.

3. ———: ———: ———: Disposition of Pending Cases. Sec. 3926, R. S. 1909 (Session Acts 1909, p. 393), created the Springfield Court of Appeals and defined its territorial jurisdiction. The second section of the act (Sec. 3927) provides that "all cases now pending" and unsubmitted in the other Courts of Appeals, coming from counties within the territorial jurisdiction of the Springfield Court of Appeals, shall be transferred to that court. The Act of March 21, 1913 (Session Acts 1913, p. 204), amendatory of Sec. 3926, took certain counties from the appellate district of the St. Louis Court of Appeals and added them to the district of the Springfield Court of Appeals, but made no provision with respect either to the retention or transfer by the St. Louis Court of Appeals of unsubmitted cases from such counties, pending in that court. Held, that the provisions of Sec. 3927, relating to the transfer of cases, are applicable to Sec. 3926 as amended by the Act of March 21, 1913, and that the St. Louis Court of Appeals is divested of jurisdiction to hear and determine appeals from any of the counties mentioned in the act, not under submission on the date it became effective.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*A. P. Stewart, Moses Whybark* and *W. F. Evans* for appellant.

*Ward & Collins* for respondent.

PER CURIAM.—This case is here on appeal from a judgment of the circuit court of Pemiscot county; is a case pending in our court, one which has not been submitted and has not been determined.

Of our own motion we are transferring it to the Springfield Court of Appeals, and as it has been suggested that the case is not transferable, we deem it proper to set out some of the reasons upon which we are acting in ordering the transfer.

By the Act of the General Assembly, approved March 21, 1913, entitled "An Act to amend section 3926 and 3936, of article 2, of chapter 35, of the Revised Statutes, 1909, relating to the Springfield Court of Appeals, by adding certain words thereto enlarging the territorial jurisdiction thereof, providing that said court shall sit at Poplar Bluff and for paying the expenses thereof," Pemiscot county, along with some ten other counties, was placed within the jurisdiction of the Springfield Court of Appeals (see Acts 1913, p. 204). That act took effect and became of force June 23, 1913, the General Assembly at which it was enacted having adjourned the 24th day of March, 1913, the act containing no emergency clause. If a cause on appeal or writ of error from Pemiscot county is to be submitted to and determined by this court, it can only be a cause then rightfully within our jurisdiction. Very surely our court has no jurisdiction over causes by appeal or on writ of error which may hereafter be taken on appeal or writ of error from any of the counties named in the first section of the Act of March 21st, after June 23rd. If they are brought here by mistake, section 3938, Revised Statutes 1909, commands us to

transfer them to the proper court. Does the Act of March 21st divest us of jurisdiction to hear and determine a cause from one of these counties, then pending but unsubmitted? Can we, after June 23, 1913, hear and determine such cause and having determined it, issue our mandate in this case to the circuit court of Pemiscot county on or after the 24th of June, 1913? Would our mandate, if then issued, be of any force or effect in that county, the county and its court not then within our territorial jurisdiction?

The Act of March 21st is not an original act but amendatory of two named sections of the revision of 1909. Says our Supreme Court in City of Cape Girardeau v. Riley et al., 52 Mo. 424, l. c. 429, "The revision of a law does not have the effect of making the revised law entirely original, so as to be construed as though none of its provisions had effect but from the date of the revised law. When a former provision is continued in the revised law, it operates only as a continuance of its existence, and not as an original act." It has often been decided, as remarked by our Supreme Court in Dart v. Bagley, 110 Mo. 42, l. c. 52, 19 S. W. 311, that "when a former provision is included in the revised law, it is only thereby intended to continue its existence, not to make it operate as an original act, to take effect from the date of the revised law," citing many authorities. A like rule is here applicable to this amendatory act.

The act contains two sections, each amendatory of former sections; one amending section 3926, the other amending section 3936. Unlike the act establishing the Springfield Court of Appeals (see Laws 1909, p. 393), it does not contain a section which in so many words provides that "all cases now pending in the St. Louis Court of Appeals and the Kansas City Court of Appeals, which have not been submitted, and which. by the provisions of this act, come within the jurisdic-

tion of the said Springfield Court of Appeals, shall be certified and transferred to the Springfield Court of Appeals.'' This, which is section 2 of the Act of June 12, 1909, is now section 3927, Revised Statutes 1909, the phraseology slightly changed by the revisors, but otherwise unchanged; neither repealed nor amended. The Act of March 21st makes no reference to this section, in terms, but the General Assembly, amending section 3926, left section 3927 still part of article 2, chapter 35, Revised Statutes 1909. When we come to a consideration of the effect and scope of this amend- ment, there are several phases of it to be kept in mind.

In the first place, the Act of March 21, 1913, unequivocally removes the counties named, among them Pemiscot county, from the jurisdiction of our court and vests jurisdiction over them for all purposes of appeal and writs of error in the Springfield Court of Appeals. It does this without any clause saving our jurisdiction over the transferred counties. That is to say, it does not, as enacted by the General Assembly, in transferring the counties from one district to the other, provide that nothing in the amendment shall be held to divest the St. Louis and Kansas City Courts of Appeals of jurisdiction of causes then pending, unsubmitted, in those courts, on appeal or error, from the transferred counties; does not provide that all cases pending which have not been submitted or determined by the St. Louis or Kansas City Court of Appeals and which had come from the counties added to the Springfield District, shall be proceeded upon to a final determination by the St. Louis and Springfield Courts of Appeals. In short, our jurisdiction has not been, in terms, preserved over cases pending from those counties; no language used permits us to proceed with and finish causes pending on appeal or writ of error to a final determination in our court either by reversal, reversal and remander with directions or by affirmance;

saves to us no power necessary to the enforcement of our mandates within the counties removed from our jurisdiction.

In the next place section 3926 is complete in itself; it vests jurisdiction. Then follows section 3927, the concluding sentence, being ''all cases now pending'' in the St. Louis and Kansas City Courts of Appeals which have not been submitted and which by the provisions of the preceding sections come within the jurisdiction of the Springfield Court of Appeals, shall be certified and transferred to the Springfield Court of Appeals. This, following the first sentence, is nothing more than directory—explanatory, in a sense. Without it, the jurisdiction was complete.

The only possible argument against the application of this directory clause to the counties covered by the amendment, is the presence of the word ''now'' in this section 3927. If the word ''now'' was absent, beyond·all question section 3927 would apply to section 3926 and causes coming from the courts there named. We do not think that the presence of that word changes that matter. It covers the cases from the counties added by the amendment just as fully as before then it covered those from the counties first named. Beyond doubt we have lost jurisdiction over this case and cases in like situation. If the words ''now pending'' are not to apply to cases pending from those counties when the Act of March 21st went into effect, then the section would directly conflict with the provisions of the general law, carrying out the constitutional provisions as to transfer of causes. Section 3938, Revised Statutes 1909, provides that when an appeal is taken to a wrong court, that is, a court not having power to ''hear and determine'' the appeal, that court shall transfer the cause to the proper court.

By the concluding clause of the third section of the amendment of 1884 to the Constitution (R. S. 1909,

p. 100), the General Assembly is given power by law "to provide for the hearing and determination of such cases by the courts to which they may be transferred;" by "such cases" meaning those transferred from one court to another. We think the General Assembly did exercise that power by section 3926, and that its direction extends to all cases which are within the territory covered by section 3926 as amended; that by section 3926 as amended by the Act of March 21, 1913, the General Assembly has provided for the hearing and determination of such cases, that is, they are to be, or may be, heard by the Springfield Court of Appeals at Poplar Bluff. In State ex rel. Dunham, Admr. v. Nixon et al., 232 Mo. 98, 133 S. W. 336, it is held that the power "to hear and determine" as used in the Constitution refers to cases over which the court has constitutional jurisdiction, and that authority to transfer a cause "for hearing and determination" is not authority to confer jurisdiction. See also State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., 232 Mo. 496, 134 S. W. 538. As our jurisdiction over these cases has not been preserved by express language, is it saved to us by necessary implication? We think not. Applying to it accepted rules of statutory construction, we think that we are justified in taking the view which we do of the effect of the amendatory Act of March 21, 1913. When, therefore, the General Assembly took from our court jurisdiction over causes on appeal or writ of error from the counties named in the amended section, it took from us all power to hear and determine any cases then pending and unsubmitted in our court and divested us of all jurisdiction to proceed any further therewith.

It is accordingly ordered in this cause that it and all the files and papers thereunto belonging, be and the same are hereby transferred to the Springfield Court of Appeals. All concur.