NATAL, PETITIONER, *v.* DISTRICT COURT OF ARECIBO, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Arecibo, Hon. Enrique Lloreda, Judge.

No. 406.—Decided June 12, 1923.

WORKMEN'S COMPENSATION—ACCIDENTS TO WORKMEN—APPEALS FROM DECISIONS OF WORKMEN'S RELIEF COMMISSION—JURISDICTION.—According to law, the court having jurisdiction of appeals from decisions of the Workmen's Relief Commission is the district court of the district in which the accident occurred; but if the complaint is filed in any other district court and the Commission submits to its jurisdiction in any of the ways recognized by law, that court acquires jurisdiction and may lawfully dispose of the case.

The facts are stated in the opinion.

*Mr. E. Martínez Avilés* for the petitioner.

*Messrs. L. Samalea* and *I. Soldevila* for the adverse party.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On September 23, 1922, Abraham Natal, a laborer who suffered an accident while working in Lares, filed a "complaint" in the District Court of Arecibo against the Workmen's Relief Commission. The commission, by the Attorney General, demurred to the complaint and the demurrer was sustained on December 23, 1922. The plaintiff amended his complaint, setting up in synopsis the manner in which the accident occurred and alleging that he was

left partially disabled, but permanently disabled for all
work requiring the use of his left hand; that his case was
reported to the commission and decided by its president
to be one of transitory disability, and that the commission
overruled his motion for reconsideration, for which reasons
he prayed the court for a judgment ordering the commis-
sion to pay him an indemnity not to exceed $2,000. On
January 8, 1923, the defendant demurred on the ground of
lack of jurisdiction of the court and also answered the com-
plaint.

The 1st of March, 1923, having been set for the trial,
before it was opened the defendant insisted that the court
had no jurisdiction because the accident occurred outside
of its district. The court sustained the plea to its jurisdic-
tion and dismissed the complaint. The plaintiff thereupon
filed in the Supreme Court the present certiorari proceed-
ing, in which the original record was brought up and the
interested parties were heard.

Section 9 of the Workmen's Accident Compensation Act,
as amended by Act No. 61 of 1921, reads as follows:

"Appeals from the decisions of the Workmen's Relief Com-
mission to the district court of the district where the accident oc-
curred shall be allowed to the claimant in all cases where he deems
himself aggrieved by the decision of the commission."

If this is a real appeal the writ of certiorari should be
discharged. The jurisprudence is clear to the effect that
the mere consent of the parties can not confer jurisdiction
upon an appellate court.

"Since appellate tribunals derive their jurisdiction over any
cause from the law, no mere consent, agreement, or stipulation of
the parties, or waiver of objection, can confer jurisdiction upon
an appellate court where it has none by law over the subject
matter of the cause or appeal; and this rule applies where the
case arises beyond the territorial jurisdiction of the court, * * *."
3 C. J. 369.

"The jurisdiction of an appellate court limited by law to appeals arising within fixed territorial limits cannot be enlarged by consent of parties, so as to draw within it a case arising outside of such limits, though within such limits the court has jurisdiction of appeals involving the subject-matter of the appeal." *State v. Nixon,* 232 Mo. 496, 134 S. W. 538; 133 S. W. 340.

But is this a real appeal? In our opinion, if we ignore the language and go into the actual facts it will be found that what has been done in this case is to bring an action for the first time in a court against an organism of the government which figures as defendant and as such appeared and defended. Section 9 of the Act, which grants the right *to appeal,* contains the following in its third subdivision:

"Such appeal shall be taken by filing with the secretary of the district court for the judicial district where the accident occurred * * * a written statement of the facts of the accident giving rise to the claim before the commission and, besides, a statement of the fact on which the appeal is based. Said statement shall be made in the form of an ordinary complaint in accordance with the provisions of the Code of Civil Procedure of Porto Rico. The commission shall be summoned by serving a copy of the complaint * * *."

The law confers equal jurisdiction upon all district courts and provides that the "appeal" shall be taken in the district in which the accident occurred. The law likewise provides, for example, that actions to recover real property shall be brought in the district wherein the property in controversy is situated. And if notwithstanding this it is clear that in the latter case if the action is brought in another district and the defendant appears and demurs or answers without asking for a change of venue it is understood that both parties have submitted and that the court acts with jurisdiction, we do not see why a similar rule should not apply to the former case, or that of *appeals*

which are in fact actions brought in cases of accidents to laborers.

The order of the court of March 1, 1923, dismissing the appeal is reversed and the case is remanded for further proceedings according to law.

*Reversed and remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.