NATAL, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE ARECIBO, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Arecibo, Hon. Enrique Lloreda, Juez.

No. 406.—Resuelto en junio 12, 1923.

ACCIDENTE DEL TRABAJO—APELACIÓN DE RESOLUCIONES DE LA COMISIÓN DE INDEMNIZACIONES A OBREROS—JURISDICCIÓN.—De acuerdo con la ley, la corte competente para conocer de las "apelaciones" que se interpongan contra resoluciones de la Comisión de Indemnizaciones a Obreros, es la del distrito donde ocurre el accidente; pero si la demanda se establece en cualquiera otra corte de distrito y la comisión se somete a ella por alguno de los medios reconocidos en derecho, dicha otra corte adquiere jurisdicción y puede decidir válidamente el asunto.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. E. Martínez Avilés.*

Abogados de la parte contraria: *Sres. L. Samalea e I. Soldevila.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El 23 de septiembre de 1922 Abraham Natal, un obrero que sufrió un accidente mientras trabajaba en Lares, archivó una "demanda" en la Corte de Distrito de Arecibo contra la Comisión de Indemnizaciones a Obreros. La comisión por medio del Fiscal General, excepcionó la demanda y la excepción fué declarada con lugar el 23 de diciembre de

1922. Enmendó su demanda el demandante alegando, en síntesis, la forma en que ocurrió el accidente; haber quedado incapacitado de una manera parcial pero permanente para las labores que requieran el uso de la mano izquierda; que su caso fué reportado a la comisión y resuelto por su Presidente como uno de incapacidad transitoria, habiendo la comisión declarado sin lugar la moción de reconsideración presentada por el demandante, en virtud de lo cual acudía a la corte de distrito pidiendo a ésta que dictara finalmente una sentencia ordenando a la comisión que le pagara una indemnización que no excediera de dos mil dólares. En enero 8, 1923, la demandada alegó por escrito, por vía de excepción previa, la falta de jurisdicción de la corte y contestó además la demanda.

Señalado el 1°. de marzo último para el juicio, antes de entrar en él la demandada insistió en la falta de jurisdicción de la corte por haber ocurrido el accidente fuera de su territorio, y la corte resolvió de conformidad desestimando la demanda. El demandante entonces se dirigió a la Corte Suprema por medio de este procedimiento de *certiorari* en el cual se reclamaron los autos originales, que están ante nosotros, y fueron oídas las partes interesadas.

Dice el artículo 9 de la ley sobre indemnizaciones por accidentes del trabajo, tal como quedó enmendado por la Ley núm. 61 de 1921, así:

"Se concederá al obrero recurso de apelación contra la decisión de la Comisión de Indemnizaciones a Obreros para ante la corte de distrito en dónde ocurrió el accidente al reclamante, en todos los casos en que se considere perjudicado por el acuerdo de la comisión."

Si se trata de una verdadera apelación, debe anularse el auto de *certiorari* expedido. La jurisprudencia es clara en el sentido de que el mero consentimiento de las partes no puede conferir jurisdicción a una corte de apelación.

"Como los tribunales de apelación derivan de la ley su jurisdicción sobre cualquier causa, un mero consentimiento, convenio, o estipulación de las partes, o renuncia de objeción, no puede conferir jurisdicción a una corte de apelación cuando no tiene ninguna por la ley sobre el asunto de la causa o apelación; y esta regla se aplica cuando el caso se origina fuera de la jurisdicción territorial de la corte, * * * " 3 C. J. 369, sec. 125.

"La jurisdicción de una corte de apelación limitada por la ley a apelaciones que se originan dentro de determinados límites territoriales no puede ser extendida por el consentimiento de las partes, para así traer dentro de la misma un caso que surge fuera de dichos límites, aun cuando dentro de tales límites la corte tenga jurisdicción de apelaciones envolviendo el asunto objeto de apelación." *State* v. *Nixon, 232 Mo. 496, 134 SW 538; 133 SW 340.*

Pero, ¿se trata aquí de una verdadera apelación? A nuestro juicio si prescindiendo de las palabras se penetra en la realidad de las cosas, se encontrará que lo que se ha hecho aquí es entablar una demanda acudiendo por vez pripera ante una corte de justicia contra un organismo de la administración que figura como demandado y como tal comparece y se defiende en el pleito. El propio artículo 9 de la ley que concede el derecho a *apelar,* dice en su párrafo tercero:

"Dichas apelaciones se formalizarán presentando al Secretario de la corte de distrito del distrito en que ocurrió el accidente, * * * una exposición por escrito en la cual se expresen los hechos del accidente que motivó la reclamación ante la comisión, y, además, una relación de los hechos en que se funda la apelación. Dicho escrito se hará en igual forma que una demanda corriente, de acuerdo con las disposiciones del Código de Enjuiciamiento Civil de Puerto Rico. La comisión deberá ser emplazada con copia de dicha demanda, * * * ."

La ley confiere igual jurisdicción a todas las cortes de distrito estableciendo como norma que se radique la "apelación" en la del distrito en que ocurriere el accidente. De igual modo la ley dispone, por ejemplo, que los pleitos para

recobrar bienes raíces se substancien en el distrito en que radique el objeto del litigio. Y si es claro, eso no obstante, que en este último caso si se entabla la demanda en otro distrito y comparece el demandado y excepciona o contesta sin pedir el traslado del pleito, se entiende que ambas partes quedan sometidas y que la corte actúa con jurisdicción, no vemos por qué no deba aplicarse igual regla en el primer caso, o sea, en el de las *apelaciones,* de hecho verdaderas acciones, que se entablan en los casos de accidentes sufridos por obreros.

La orden de la corte de 1º. de marzo, 1923, desestimando la apelación, debe, en tal virtud, revocarse y el caso devolverse a la misma para que siga tramitándolo de acuerdo con la ley.

> *Revocada la orden de marzo 1, 1923 de la corte inferior desestimando la apelación, y ordenada la devolución del caso.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.